On October 6, 2015, Eswin E. Hernandez-Lemus (father) filed a petition in the Probate and Family Court to be granted custody of his son, Edwin E. Hernandez-Arias (Edwin). The father also filed a "Motion for Special Findings of Fact and Rulings of Law," requesting that the probate judge enter certain special findings as are necessary to establish Edwin's eligibility to apply to the United States Citizenship and Immigration Services for special immigrant juvenile (SIJ) status under the Immigration and Nationality Act,
 
 8 U.S.C. § 1101
 
 (a)(27)(J) (2012).
 
 [2]
 
 The probate judge granted the father's motion for sole legal and physical custody of Edwin but declined to enter the requested special findings. This timely appeal followed. After review of the record before us, we conclude that the probate judge's findings and disposition are supported by that record. We thus affirm.
 

 Judgment affirmed
 
 .
 

 In order for an alien juvenile to be eligible to seek SIJ status, the following must be satisfied: (1) that the juvenile is dependent on a "juvenile court," or under the custody of an agency or department of a State, or an individual or entity appointed by the court or State; (2) that reunification with one or both of the juvenile's parents "is not viable due to abuse, neglect, abandonment, or a similar basis found under State law"; and (3) that it would not be in the juvenile's best interest to return to his or her country of nationality.
 
 8 U.S.C. § 1101
 
 (a)(27)(J)(i)-(ii). See
 
 Guardianship of Penate
 
 ,
 
 477 Mass. 268
 
 , 273-274 (2017). "It is not the [State] court's role to engage in an immigration analysis or decision."
 
 Recinos
 
 v.
 
 Escobar
 
 ,
 
 473 Mass. 734
 
 , 738 (2016). A judge's entry of special findings is not a final determination on whether the juvenile meets the SIJ status requirements, rather, such special findings are the first step in the SIJ status process.
 

 Ibid
 

 .