NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12527


    ESWIN E. HERNANDEZ-LEMUS  vs.  MARIA ESPERANZA ARIAS-DIAZ.


June 29, 2018.


    Alien.  Probate Court, Findings by judge.


    In October, 2015, Eswin E. Hernandez-Lemus filed a petition
in the Probate and Family Court seeking custody of his son, a
seventeen year old undocumented immigrant from Guatemala.[1]  A
"Motion for Special Findings of Fact and Rulings of Law,"
requesting the judge to make the special findings necessary for
the child's application for special immigrant juvenile (SIJ)
status under 8 U.S.C. § 1101(a)(27)(J) (2012), also was filed.[2]
After a hearing, the judge granted sole legal and physical
custody of the child to Hernandez-Lemus, but declined to make
the requested special findings.  A panel of the Appeals Court
affirmed.  See Hernandez-Lemus v. Arias-Diaz, 92 Mass. App. Ct.
1121 (2018).  We granted further appellate review.  We now
vacate so much of the judgment that declined to enter special
findings and remand for further proceedings consistent with this
opinion.

_____

    [1] The child was born on February 16, 1998.  "For purposes of
special immigrant juvenile . . . status, 'child' is defined as a
person under twenty-one years of age who is unmarried."
Guardianship of Penate, 477 Mass. 268, 273 n.10 (2017), citing 8
U.S.C. § 1101(b)(1).

    [2] Although the copy of the child's affidavit included in the
record appendix is unsigned, at a hearing before the probate
judge the child affirmed the truth of the contents of the
affidavit.

Congress established the SIJ status "to create a pathway to citizenship for immigrant children," Recinos v. Escobar, 473 Mass. 734, 737 (2016), who have been "abused, neglected, or abandoned by one or both parents." Guardianship of Penate, 477 Mass. 268, 270 (2017).  An immigrant child's application for SIJ status is predicated on special findings from a "juvenile court"[3] that "(1) [he] is dependent on the juvenile court; (2) [his] reunification with one or both parents is not viable due to abuse, neglect, or abandonment; and (3) it is not in [his] best interests to return to [his] country of origin."  Recinos, supra at 735, citing 8 U.S.C. § 1101(a)(27)(J)(i).  "An application for SIJ status must be submitted before the immigrant's twenty-first birthday."  Recinos, supra, citing 8 C.F.R. § 204.11 (2009).

A judge may not decline to make special findings based on his or her assessment of the likelihood that the SIJ application ultimately will be successful before the Federal authorities, or on any consideration of the juvenile's motivation for seeking SIJ status.  Guardianship of Penate, 477 Mass. at 270.  Instead,

> "[u]nder the statute, the judge's sole function is to make the special findings, and to do so in a fashion that does not limit Federal authorities in determining the merits of the juvenile's application for SIJ status.  Therefore, we conclude that on a motion for special findings, the judge shall make such findings without regard to the ultimate merits or purpose of the juvenile's application.  To avoid any unnecessary entanglement in interpreting whether SIJ status requires a showing of neglect or abandonment by one or both parents, we also conclude that the judge shall make special findings only as to the parent named in the motion."

Id.  This "obligation to make the special findings also applies regardless of whether the child presents sufficient evidence to support a favorable finding under each of the criteria set forth in § 1101(a)(27)(J)."  Id. at 275.  A judge simply may not decline to make findings; he or she must make the findings -- whether favorable or not -- concerning those criteria.

The motion for special findings, accompanied by the child's affidavit, was filed in the context of a custody proceeding.  It

---

[3] For purposes of the Federal statute, a "juvenile court" includes the Probate and Family Court.  See Recinos v. Escobar, 473 Mass. 734, 738 (2016).

asserted that reunification of the child with his mother, the defendant Maria Esperanza Arias-Diaz, was not viable due to abuse and neglect, and averred that return to Guatemala was not in the child's best interest.  The child is entitled to special findings with respect to his mother.  See Guardianship of Penate, 477 Mass. at 275.  To ensure that the child, who now is approaching his twenty-first birthday, may timely exercise his right to seek SIJ status, the Probate and Family Court shall act forthwith on the motion for special findings.

So much of the judgment as denied the motion for special findings is vacated, and the case is remanded to the Probate and Family Court for further proceedings consistent with this opinion.  Pursuant to Mass. R. A. P. 23, as appearing in 367 Mass. 921 (1975), the clerk of this court shall issue the rescript to the trial court immediately.

So ordered.

The case was submitted on briefs.

Valquiria C. Ribeiro for the father.